John V. Brown, appellee, v. York Water Company, appellant.

Filed April 30, 1920. No. 21029.

Master and Servant: Employers' Liability Act: Review. Under section 3642, Rev. St. 1913 (part I, employers' liability act), the court has power to reverse a judgment in a proper case if the evidence shows inadequacy in the amount of the verdict, or to reverse a judgment that from the evidence appears to be excessive, and grant a new trial, unless a remittitur be filed in such sum as to the court may seem just.

Appeal from the district court for York county: Edward E. Good, Judge. *Affirmed on condition.*

*C. C. Flansburg* and *W. W. Wyckoff*, for appellant.

*W. T. Thompson, contra.*

Dean, J.

Plaintiff sued under part I of the employers' liability act to recover damages for personal injuries sustained as defendant's employee, while in charge of a water pumping plant that it owned and operated at York. He recovered judgment for $10,000, and defendant appealed.

Plaintiff is an electrician and mechanical engineer. Power to operate the pumps was supplied by an electric light plant located some blocks distant. The accident happened before 8 o'clock in the forenoon, while plaintiff was alone at the pump house, and it caused the loss of his right hand, the thumb only remaining. He was then 36, with an expectancy of 31 years, and had been actively working at his trade about 12 years. The injury was sustained a little more than two months after his employment began.

Defendant concedes that its liability was not insured as provided by section 3687, Rev. St. 1913, as amended by section 21, ch. 85, Laws 1917, part II, employers' lia-

bility act. But it argues at some length that plaintiff · waived the requirement of section 21, as it affects de· fendant, and that he brought himself within the pro· visions of part II by accepting benefits from the water company within the time and in the manner provided in section 3661, Rev. St. 1913, as amended by section 6, ch. 85, Laws 1917.

On this point the superintendent of the defendant company testified that he showed plaintiff the hospital bill, and asked him if the company should pay it, and that "he said, 'Yes,' and I paid it;" that he made the same inquiry about the doctor bill, and upon receiving the same reply he paid that too, and that both bills approximated $150. He further testified: "I asked Mr. Brown whether he expected more benefits than he had received, and he said, 'Yes,' and that he thought he ought to have enough money to start a little busi· ness." Plaintiff's testimony on this point was to the contrary, and to the effect that the superintendent asked him for the hospital bill, and later the doctor bill, and that he voluntarily and without plaintiff's request paid both bills. Referring to the doctor bill, he said he told the superintendent that "he didn't have to pay the bill if he didn't want to," and that the superintendent re· plied: "If we pay this bill, will you release the com· pany? and I says, 'No, I will not; I feel as though I ought to have more out of this than a $100 doctor bill.'" On this question of fact the evidence was about evenly balanced, and the jury seem to have accepted plaintiff's version rather than defendant's.

Defendant argues that plaintiff was wilfully negli· gent, and complains because its motion for a directed verdict was not sustained. It is insisted that he comes within the exception noted in section 3643, Rev. St. 1913, which provides generally: "In all cases brought under part I of this article it shall not be a defense (a) that the employee was negligent, unless and except it shall also appear that such negligence was wilful." In sec-

tion 3695, Rev. St. 1913, as amended in section 23, ch. 85, Laws 1917, wilful negligence is defined: "(d) For the purposes of this article, 'wilful negligence' shall consist of (1) deliberate act, or (2) such conduct as evidences reckless indifference to safety."

Respecting plaintiff's employment and as bearing on the question of wilful negligence, he testified on direct examination: That he was employed to "take charge of the plant—operate and take care of the outside work and meters—and reading meters;" that "it is not customary for any engineer or man working around mechanical machinery to stop it" to do the work he was doing when injured; that the main drive shaft has two pinions that mesh on two large gear wheels that make about 200 revolutions a minute; that he was cleaning off the grease "close to the pinion, and it caught the waste and jerked my hand in;" that it is dangerous to wear gloves when cleaning the gearing, and for that reason he took his gloves off; that the pumping machinery was controlled by two switches, one at the electric light plant and one in the pump house, the latter being about 16 feet from where he stood when he was injured. He said that he did not turn off the current before he began the work that resulted in the injury; that the pump was driven by a 35 horse power motor; that after the accident he saw some covering for the pinions in the back room of the pump house, but never saw it before, nor knew it was there, nor did he ever ask for any shield or covering for the pinions.

Defendant argues that plaintiff's conduct at the time of the accident, as shown by his evidence, comes within the meaning of "wilful negligence" as defined by the act, and that it so plainly "evidences reckless indifference to safety" that the court erred in overruling its motion for a directed verdict. We do not think, in view of all the circumstances, that the court erred in overruling the motion. It seems, though, the legislature has conferred upon the courts power to pass on the ques-

tion as to whether a verdict sufficiently responds in damages or whether it is excessive, this power of course to be exercised upon a review of the facts as shown by the evidence in each case.

Section 3642, Rev. St. 1913, being the first section of part I of the employers' liability act, provides: "When personal injury is caused to an employee by accident arising out of and in the course of his employment, of which the actual or lawful imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer, provided the employee was himself not wilfully negligent at the time of receiving such injury, and the question of whether the employee was wilfully negligent shall be one of fact to be submitted to the jury, subject to the usual powers of the court over verdicts rendered contrary to the evidence, or to law."

A number of other assignments of error have been made which we have examined, but none of the alleged errors complained of seem to have been prejudicial to the rights of the defendant.

We think that in view of the evidence the verdict is excessive. We therefore conclude that, under the express provisions of the act relative to the powers of the court over verdicts, if plaintiff files a remittitur of $2,500 with the clerk of this court within 20 days, the judgment will be affirmed for $7,500 with interest at 7 per cent. per annum from the date of the judgment, and for costs. Failing in this, a new trial will be granted.

AFFIRMED ON CONDITION.

FLANSBURG, J., not sitting.